IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTWAN RICHARDSON,                          :
            Plaintiff                       :
      v.                                    : Case No. 3:24-cv-185-KAP
JON ALTEMUS, *et al.*,                      :
            Defendants                      :

Report and Recommendation

Recommendation

I recommend that the complaint be dismissed pursuant to Fed.R.Civ.P. Rule 41(b) for failure to prosecute.  This is being filed as a recommendation because pre-service dismissal is appropriate, and it would be wasteful to proceed with this case to determine whether all parties would consent to Magistrate Judge jurisdiction.

Report

Plaintiff sued approximately 44 defendants (depending on how John Does are counted) for a variety of alleged civil rights violations at one of the places he has been in custody, in a 40 page complaint with approximately 253 pages of exhibits. That was in August 2024. Since then plaintiff has moved repeatedly for additional time to supply the voluminous service copies to the Clerk. I have granted those requests because although it is not the Court's duty to assist parties with copy work or give drafting advice, roadblocks should not be placed in a pro se litigant's way.

After a year and a half, plaintiff has not provided service copies. His latest motion for additional time (until March 2026) at ECF no. 30 is denied.

The complaint should be dismissed for failure to prosecute. The six-factor analysis of Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984) and Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir.2019), is straightforward here: plaintiff is *pro se* and therefore 100% responsible for his litigation (in)activity. His indigent status makes alternative (monetary) sanctions meaningless. During the last 18 months plaintiff has not only continued to litigate the civil case in the Middle District that he disclosed in his complaint, but he has also litigated from start to finish another prison conditions case in this district at Richardson v. Pushey, Case No. 2:25-cv-448-SLH-KAP (W.D.Pa. December 1, 2025). Plaintiff's decision which litigation to move and which to not move therefore cannot be described as anything other willful. The merits of any litigation cannot be evaluated on the basis of a complaint, and the prejudice to unserved defendants from the delay mostly inheres in the unquantifiable loss of evidence and

fading of memories with the passage of time. It is notable that at least one defendant has filed for bankruptcy and been discharged while plaintiff has been unable to provide a copy for service on it.

It is also important to consider that prompt service of a complaint (within 90 days of filing) is implied if not commanded by Rule 4(m), and that unlike some states' rules the federal rules do not contemplate the filing of a complaint to function as a writ of summons for the purpose of stopping the running of a limitations period, with no duty to move forward until pushed. Plaintiff, after approximately 6 times the presumptive period for service has passed, can no longer continue to use the Clerk's Office as a storage cabinet for his paperwork. The complaint should be dismissed.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation. Parties are advised that in the absence of timely and specific objections any appeal would be severely hampered or entirely defaulted. *See* EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir.2017)(describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE:  January 15, 2026

_____
Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Antwan Richardson QC-5728
S.C.I. Forest
P.O. Box 307
286 Woodland Drive
Marienville, PA 16239