**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANTWAN L. RICHARDSON, ) | |
| ) | Civil Action No. 3:24-185 |
| Plaintiff, ) | District Judge Nora Barry Fischer |
| ) | Magistrate Judge Keith A. Pesto |
| v. ) | |
| ) | |
| JON ALTEMUS *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF COURT

AND NOW, this 13th day of February 2026, upon consideration of the Report and Recommendation filed by United States Magistrate Judge Keith Pesto on January 15, 2026 (ECF No. 31), recommending that the case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, after conducting an analysis of the relevant factors under *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), and Plaintiff's Objections which were filed on February 3, 2026 (ECF No. 34), and upon independent review of the record and de novo consideration of the Magistrate Judge's Report and Recommendation, (ECF No. 31), which is ADOPTED as the opinion of this Court,

IT IS HEREBY ORDERED that Plaintiff's Objections [34] are OVERRULED, for the reasons set forth in the Report and Recommendation. To that end, Plaintiff's 40-page Complaint with approximately 253 pages of exhibits, and suing 44 defendants, submitted with a Motion to Proceed in Forma Pauperis on August 6, 2024, and filed on September 5, 2024, and after extensions of time to effectuate service granted by the Magistrate Judge (ECF Nos. 20 & 27), Plaintiff has failed to provide copies of the Complaint and attached exhibits to the United States Marshal for service. As Plaintiff has failed to rectify this deficiency despite being granted additional time to do so (ECF Nos. 20 & 27), and because the Magistrate Judge conducted an analysis of the relevant

*Poulis* factors, the Court may, in its discretion, dismiss this civil action for failure to prosecute. *See Hankins v. Pennsylvania*, 526 F. App'x 164, 167 (3d Cir. 2013), *quoted in, Cunningham v. Zubsic*, C.A. No. 16-127, 2017 WL 3588690, at *1 n.1 (W.D. Pa. July 28, 2017) (although a prisoner may rely on the Marshal to achieve service of process, he must still assist the Marshal when the prisoner is informed of problems with service). The case has been pending for over a year and a half, without service on any of the 44 named Defendants. Pursuant to Rule 1 of the Federal Rules of Civil Procedure, the Court must construe, administer, and employ the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The prejudice inuring to all parties from this inordinate delay affects the Plaintiff and Defendants in terms of faded memories and loss of evidence, both of which will only increase the expense associated with the prosecution of this civil action. As such, the Court cannot properly control its docket, move this action forward, and protect the rights of all parties where Plaintiff, who for over 17 months, has not provided service copies to the Clerk of Court for delivery to the Marshal.

IT IS FURTHER ORDERED that Plaintiff's Complaint [9] is DISMISSED, pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute, in light of the facts and circumstances of this civil action and the relevant factors under *Poulis* set forth by the Magistrate Judge;

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED; and,

FINALLY, IT IS ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

            <u>*s/ Nora Barry Fischer*</u>
            Nora Barry Fischer
            Senior U.S. District Judge

cc: Antwan L. Richardson
   QC5728
   SCI Forest
   P.O. Box 307
   286 Woodland Drive
   Marienville, PA 16239
   By first class mail